**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DEBORAH K., | No. 24-cv-9454 (MEF) |
| *Plaintiff,* | |
| v. | **OPINION and ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| *Defendant.* | |

\*      \*      \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the facts and procedural history of this case.

\*      \*      \*

A woman applied for disability benefits.  <u>See</u> Administrative Record (ECF 5) at 17.

After her application was denied, she asked for a hearing before an administrative law judge ("ALJ").  <u>See</u> Complaint (ECF 1) ¶¶ 6–7.

A telephone hearing was held, and afterward the ALJ issued a decision affirming the benefits denial.[1]

The Appeals Council determined not to review the decision.  <u>See</u> Administrative Record at 1.

---

[1]  The ALJ's 14-page decision is at <u>Deborah K.</u> (S.S.A. A.L.J. Feb. 28, 2024).  It can be found beginning at page 17 of the administrative record.

And the applicant then filed this lawsuit.[2]

From here, she is called "the Plaintiff," and the Commissioner of Social Security is called "the Defendant."

\*   \*   \*

The Plaintiff calls out a set of asserted errors in the ALJ's decision.

Work through these one at a time.

\*   \*   \*

First, the Plaintiff argues the ALJ should have adopted the opinions of her treating physician[3] as to the extent of her disability.  See Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings ("Plaintiff's Brief") (ECF 6) at 7.

In response, the Defendant argues that the ALJ adequately explained why he chose not to give much weight to the treating physician's opinions.  See Defendant's Brief (ECF 8) at 9.

The Court's conclusion: the Defendant has it right.

"In evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another."  Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505 (3d Cir. 2009); see also Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981) ("when the medical testimony or conclusions are conflicting, the ALJ is not only entitled but required to choose between them").

But the ALJ must explain the choice he makes.  See, e.g., Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).

Here, the ALJ did that.

The ALJ walked through three different bottom-line opinions offered by the treating physician.[4]

---

[2]  The Court has jurisdiction.  See 42 U.S.C. §§ 405(g), 1383(c)(3).

[3]  Dr. Nochimson.  See Administrative Record at 156.

[4]  The three different opinions were issued on November 23, 2022, July 27, 2023, and January 8, 2024, respectively.  See Deborah K., Administrative Record at 26.  The November 2022 opinion

And he concluded they were unpersuasive for two main reasons. See Deborah K., Administrative Record at 26.

Per the ALJ, the opinions were at odds with the results of the treating physician's physical examination of the Plaintiff.  See id.  This was a permissible basis for rejecting the treating physician's conclusions.  See, e.g., Alexandre v. Bisignano, 2025 WL 2045186, at *9-10 (M.D. Pa. July 21, 2025) (endorsing the ALJ's conclusion that a medical opinion was unpersuasive in part because the opinion was inconsistent with the physician's "own examination findings"); Payne v. Kijakazi, 2023 WL 4089336, at *5 (E.D. Pa. June 20, 2023) (similar); Kruise v. Comm'r of Soc. Sec., 2022 WL 2829888, at *5 (W.D. Pa. May 23, 2022) (similar); Long v. Kijakazi, 2022 WL 609620, at *11 (D. Del. Jan. 31, 2022) (similar), report and recommendation adopted, 2022 WL 609160 (D. Del. Feb. 15, 2022); Zaccaro v. Colvin, 2013 WL 3286153, at *10 (D.N.J. June 28, 2013) (similar).

And the ALJ also noted that there was tension between the treating-physician's opinions and certain other medical evidence.  See Deborah K., Administrative Record at 26-27.  This, too, was allowed --- a permissible reason for rejecting the treating physician's conclusions.  See Martha O. v. Comm'r of Soc. Sec., 2026 WL 632551, at *2 (D.N.J. Mar. 6, 2026); Zaborowski v. Comm'r of Soc. Sec., 115 F.4th 637, 640 (3d Cir. 2024); Bryson v. Comm'r Soc. Sec., 639 F. App'x 784, 787-88 (3d Cir. 2016).

*    *    *

The Plaintiff's second argument: the ALJ's assessment of her residual functional capacity was flawed because it rested on an inaccurate characterization of some of her treatment as "conservative."  See Plaintiff's Brief at 7.

The Plaintiff has the burden to demonstrate that the ALJ's characterization was, in fact, inaccurate.  See, e.g., Brown v. Comm'r of Soc. Sec., 2022 WL 4080773, at *11 (M.D. Pa. Sept. 6,

---

concluded that the Plaintiff was "limited to sedentary exertional work."  Id.  The July 2023 and January 2024 opinions determined that the Plaintiff was more limited than that.  They indicated that the Plaintiff could "[]not work part-time or full-time jobs that require sitting, bending, listing, or using the computer extensively."  Id.

3

2022); <u>Grimaldi</u> v. <u>Colvin</u>, 2016 WL 1182704, at *6 n.4 (D.N.J. Mar. 28, 2016).

But the Plaintiff's argument that her treatment "can hardly be considered conservative," Plaintiffs' Brief at 7, is not backed up by citations to the evidence or the relevant caselaw.  That cannot carry the burden.

*   *   *

<u>Third</u>, the Plaintiff argues that the ALJ erred by "ignor[ing] portions of the findings of the consultative examiner[]." Plaintiff's Brief at 7.

In response, the Defendant emphasizes that the ALJ was not obliged to discuss each aspect of the medical evidence.  <u>See</u> Defendant's Brief at 9-10.

Again, the Defendant has it right.

An ALJ need not "make reference to every relevant treatment note," especially in cases, like this one, where there are "voluminous medical records."  <u>Fargnoli</u> v. <u>Massanari</u>, 247 F.3d 34, 42 (3d Cir. 2001); <u>see also</u> <u>Hur</u> v. <u>Barnhart</u>, 94 F. App'x 130, 133 (3d Cir. 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."); <u>Beety-Monticelli</u> v. <u>Comm'r of Soc. Sec.</u>, 343 F. App'x 743, 747 (3d Cir. 2009) (noting that an ALJ "need not mention every piece of evidence in the record"); <u>Dellapolla</u> v. <u>Comm'r of Soc. Sec.</u>, 662 F. App'x 158, 162 (3d Cir. 2016) ("[T]he cherry-picking of unmentioned details from a voluminous record does not a viable claim make.").

The ALJ summarized the consultative examiner's findings.  <u>See</u> <u>Deborah K.</u>, Administrative Record at 24.  And the ALJ explained (i) how persuasive he found them and (ii) why.  That was enough. <u>See</u> <u>Martha O.</u>, 2026 WL 632551, at *4.

*   *   *

<u>Fourth</u> and finally, the Plaintiff highlights medical evidence that, in her view, should have led the ALJ to take a somewhat more restrictive view as to her residual functional capacity. <u>See</u> Plaintiff's Brief at 7-8.

But the question is not whether the ALJ could have weighed out the evidence in a different way and landed on a different conclusion.  "The presence of evidence in the record that

4

supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision."  Sassone v. Comm'r of Soc. Sec., 165 F. App'x 954, 955 (3d Cir. 2006); accord, e.g., Malloy v. Comm'r of Soc. Sec., 306 F. App'x 761, 764 (3d Cir. 2009) (same); Ahearn v. Comm'r of Soc. Sec., 165 F. App'x 212, 215 (3d Cir. 2006) (similar).

Here, there was "substantial support."

The ALJ determined that the Plaintiff had "the residual functional capacity to perform light work," subject to a few limitations.  See Deborah K., Administrative Record at 21, 27. This determination was based on the diagnoses of the doctors who examined her, the results of the tests they conducted, and the treatment she received.  See id. at 27.

The question, in short, is whether the "ALJ's decision rested on a solid-enough foundation of 'adequate' evidence."  Loiska J. v. Comm'r of Soc. Sec., 2026 WL 100512, at *3 (D.N.J. Jan. 14, 2026).  It did, so there is no basis for undoing it.

\*     \*     \*

The motion for judgment on the pleadings at ECF 6 is denied.

IT IS on this 28th day of April, 2026, **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.

5